413 So.2d 208 (1982)
Pamela Flynn DESHOTEL
v.
AVONDALE SHIPYARDS, INC.
No. 5-202.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Writ Denied May 28, 1982.
Delbert G. Talley, Gretna, for Avondale Shipyards, Inc., defendant-appellant.
Gerald T. Laborde, New Orleans, and Gregory W. Roniger of Dalton, Gillen & *209 Roniger, Jefferson, for Pamela Flynn Deshotel, plaintiff-appellee.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
BOUTALL, Judge.
A worker sues her employer seeking workmen's compensation benefits for a work-related accident which she claims left her permanently disabled. The trial court determined that she was temporarily disabled and awarded her weekly benefits of $135.57 for a period of about two years. The employer appeals.
On March 9, 1979, Pamela Flynn Deshotel was working for Avondale Shipyards, Inc., as a laborer when she was struck in the back by a piece of equipment causing injuries to her back, shoulder, and arm. She was taken to Ochsner Foundation Hospital for immediate care and was later referred to Dr. Naum Klainer, an orthopedist. Dr. Klainer examined her and found her to be in great pain in the neck and shoulder areas. Dr. Klainer had her admitted to West Jefferson Hospital to be tested for nerve conduction studies to determine if she was suffering from a herniated disc in her neck. The results were negative and she was then referred to another orthopedist, Dr. Mark Juneau. Dr. Juneau's report reflected that she was suffering from a cervical strain; however, after a few weeks of traction he released her to return to full duty status on May 14, 1979, despite her constant complaints of pain. Relying on Dr. Juneau's report, Avondale terminated all compensation benefits on May 16, 1979.
Deshotel attempted to return to work but found that she was unable to perform her duties because of the pain in her hand, shoulder and back. She then went to another orthopedist, Dr. Irving Redler, and a family practitioner, Dr. W. M. Bagnetto, in June of 1979. Both doctors' reports indicated that she had experienced some pain but felt she was capable of returning to work. Although she claims she was still experiencing pain, Deshotel attempted to return to work in the summer of 1979, but was refused admittance to the Avondale work yard. She later attempted to do other types of work but claims she was incapable of holding any steady employment because of her weakened condition. She finally was referred to Dr. Arthur J. Morris & Associates, radiologists. Thermographic studies were performed on the patient on November 19, 1980, and again on March 13, 1981. These studies simply detect abnormal heat patterns of the body which would indicate any muscular injuries or spasms. Dr. Morris testified that the results of the first examination proved without question that due to abnormal heat patterns, she must have sustained some type of nerve root injury in the hand and arm as well as the muscular damage to the back. In addition, Dr. Morris testified that the results of the second examination showed that most of her injuries had healed and that she should be able to return to work. The trial court awarded Deshotel compensation benefits from June 1, 1979, until March 13, 1981.
Avondale appeals the award arguing that the benefits paid through May of 1979 more than adequately compensate her considering the medical evidence presented in the record. Avondale argues that the reports of Drs. Juneau, Redler and Bagnetto more than reasonably prove that Deshotel was capable of returning to work in the summer of 1979. However, the trial court was impressed with the testimony of Dr. Morris concerning the use of thermography and its advantages over the EMG's and x rays used by the other doctors. Dr. Morris explained that thermography could detect many injuries that existed much more readily than the other tests mentioned and that thermography was extremely accurate. It was his belief that Deshotel had some persistent injuries as a result of the work-related injury but that some injuries had cleared up as of the second examination date. In its reasons for judgment, the trial court was convinced that the information gathered by the use of thermography was reliable and that it accurately indicated the condition of Deshotel. The trial court weighed the probative value of the doctors' reports against the testimony of Dr. Morris and the use of *210 thermography and decided to award Deshotel compensation.
We agree with that determination made by the trial court. After reading the testimony and examining the evidence presented, we cannot say that Avondale has shown to us that the decision made by the trial court was manifestly erroneous. On the contrary, the evidence indicates that Deshotel was seriously injured in the accident in question and the injuries complained of may indeed manifest themselves for some time. Accordingly, we affirm the trial court's granting Deshotel workmen's compensation benefits from June 1, 1979, through March 13, 1981, at $135.57 per week.
AFFIRMED.